UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
7488 CALZADA DE LA FUENTE
SAN DIEGO, CA  92154

ABA Immigration Justice Project
Langarica, Monika Yvette
2727 Camino del Rio South
Suite 223
San Diego, CA  92108

Action Completed
Approved for Filing
JUN 2 8 2018
OCC/SND

Date: Jul 31, 2017

File #  PII

In the Matter of:
    RUEDA-VIDAL, CLAUDIA SARAHI

_____  Attached is a copy of the written decision of the Immigration Judge.
       This decision is final unless an appeal is taken to the Board of
       Immigration Appeals.  The enclosed copies of FORM EOIR 26,
       Notice of Appeal, and FORM EOIR 27, Notice of Entry as Attorney or
       Representative, properly executed, must be filed with the Board of
       Immigration Appeals on or before _____.
       The appeal must be accompanied by proof of paid fee ($110.00).

_____  Enclosed is a copy of the oral decision.

_____  Enclosed is a transcript of the testimony of record.

_____  You are granted until _____ to submit a brief
       to this office in support of your appeal.

_____  Opposing counsel is granted until _____ to submit a
          brief in opposition to the appeal.

__✓__  Enclosed is a copy of the order/decision of the Immigration Judge.

       All papers filed with the Court shall be accompanied by proof
       of service upon opposing counsel.

                          Sincerely,

                          Immigration Court Clerk

cc:

Action Completed
Approved for Filing
AUG 1 1 2017
OCC/SND



SCANNED
AUG 09 2017 SND

CAR 0138



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
**Otay Mesa Detention Center**
**7488 Calzada de la Fuente**
**San Diego, California 92154**

File No.:  A  PII                              )
                                               )
In the Matter of                               )
                                               )     **IN CUSTODY REDETERMINATION**
                                               )     **PROCEEDINGS**
        Claudia Sarahi RUEDA-VIDAL             )
                                               )
        Respondent                             )

**ON BEHALF OF RESPONDENT:**          **ON BEHALF OF THE DEPARTMENT OF**
                                      **HOMELAND SECURITY:**

Monika Y. Langarica, Esq.             DHS Counsel
2727 Camino del Rio South, Suite 223  7488 Calzada de la Fuente
San Diego, California 92108           San Diego, California 92154

### MEMORANDUM OF THE IMMIGRATION JUDGE

This memorandum explains why the undersigned has ordered that the Respondent be released from custody of the Department of Homeland Security on her own recognizance without having to post cash bond or submit to ankle bracelet monitoring.

On May 18, 2017, the Department of Homeland Security (DHS) served Respondent with a Notice to Appear (NTA) charging her with deportability under Section 237(a)(1)(B) of the Immigration and Nationality Act (the Act).

The DHS took Respondent into custody when three cars surrounded the Respondent early one morning when Respondent, in her sleepwear, came out to move her car to comply with alternate side parking. She was served with notice that she was held without bond, despite her having no criminal record, having made no resistance to her being arrested, and being known to DHS before her arrest (which was made with advance planning and a warrant).

Respondent made a request for custody redetermination but had to wait a lengthy period until June 9, 2017 for hearing because of the demanding caseload at Otay Mesa Service Processing Center. The docket is one that is being managed with the use of Immigration Judges from other cities, thus, the undersigned, an Immigration Judge from Newark, New Jersey, was on temporary assignment in California that week.

Neither of the parties dispute the legal fact that the Respondent is bond-eligible.

Years ago, the Board of Immigration Appeals established that the most significant considerations in these proceedings are whether Respondent is likely to appear in court and whether she is a danger to the community. *Matter of Adeniji*, 22 I&N Dec. 1102 (BIA 1999). The case law of the various circuits has been loyal to those concepts. Decades of cases still valid establish that the court considers Respondent's stability, motivation to attend further hearings, length of residence in this country, stable employment or education history, family ties to this country, community ties, lack of previous immigration violations, whether there is a criminal history, and other evidence including whether Respondent has become Americanized by living her formative years in this country. *Matter of Vea*, 18 I&N Dec. 171 (BIA 1981); *Matter of Shaw*, 17 I&N Dec. 177 (BIA 1979); *Matter of Spiliopoulos*, 16 I&N Dec. 561 (BIA 1978). The Immigration Judge may consider various factors in determining whether a respondent merits release from custody, as well as the amount of bond that is appropriate, and may consider any evidence that is probative and specific. *Matter of Guerra*, 24 I&N Dec. 37, 40-41 (BIA 2006).

*Evidence Supplied*

DHS outlined that Respondent was recently arrested for being at the scene of a riot. Evidence regarding the charge and its disposition was not presented. Evidently, based on the arrest, DHS counsel felt equipped to move that this court order that an ankle bracelet be locked onto Respondent to monitor and restrict her movement.

Respondent filed a lengthy submission, well-indexed, and one that addresses many aspects of her case. She has strong ties to the U.S. She has been living in the U.S. since 2001 when she came to this country at six years old. Bond Ex. 3. at 14. She lives with her mother, recently placed in removal proceedings, and her sister, who is currently applying for permanent residence. *Id.* Her attorney explained that the Respondent was arrested at a non-violent political demonstration that voiced objection to present immigration policies and that Respondent did not engage in any violence or threatening conduct and that, in fact, all charges were dismissed.

Recognizing the importance of education, Respondent achieved early scholastic accomplishments from elementary school through high school which led her to become the first member in her family to attend college. *Id.* at 70-75, 127-34. Letters are numerous and lengthy about Respondent's positive drive and accomplishments. She easily made a positive reputation for herself both at the University of California, Santa Cruz and California State University, Los Angeles as various teachers and administrators have commended her for her academic performance. *Id.* at 60-69. Respondent received a prestigious Dream Summer Intern position through the University of California, Los Angeles Labor Center where she supported the Service Employees International Union. *Id.* at 14. The Project Director, Victor Narro, stated that, in Respondent's position:

> Claudia developed educational tools and curriculum to empower low-wage
> workers and advance the educational goals of youth. She served as an advocate
> for the most vulnerable populations in Southern California, and did so with

A PII

2

CAR 0140

humility, respect, and passion. She is one of the most responsible people to have
gone through the program.

*Id.* at 78.  Beyond these accomplishments, Respondent is also a leader in her community,
particularly through her work as a Youth Organizer for the Los Angeles Immigrant Youth
Coalition. *Id.* at 14, 56-59.  Clearly, she is completely Americanized and all of her most
important ties are to this nation at this time.

Most telling of Respondent's character and ties to the community, she received an
outpouring of support from notable public figures including U.S. Congresswoman Karen Bass of
California's 37th District, City of Los Angeles Mayor Eric Garcetti, City of Los Angeles
Councilmembers Jose Huizar and Gilbert Cedillo, as well as Los Angeles County Supervisors
Sheila Kuehl and Hilda Solis. *Id.* at 17-22.  The court was also provided with a joint letter from
87 different immigrant, civil rights, faith-based, and legal services providers with inspiring
support of Respondent based on her pursuit of education, advocacy for gender and racial justice,
and her ties to the community. *Id.* at 23-51.

With regard to the posture of the DHS in this case, there is no objective evidence
supplied for why Respondent is held without bond except for the potential argument that, if
Respondent is not granted DACA status, her only available relief at this time is for voluntary
departure under Section 240B of the Act.

*Findings of Fact and Conclusions*

The court finds that Ms. Rueda established that she is not a danger to the community and
not a flight risk. *See Matter of Adeniji,* 22 I&N Dec. 1102, 1113 (BIA 1999)(stating that
respondent must demonstrate that her "release would not pose a danger to property or persons,
and that [she] is likely to appear for any future proceeding.").

The court recognizes that she has two arrests for misdemeanor offenses including a
January 2015 trespassing under California Penal Code §602(K) and in September 2012 for
disturbing the peace under §409. Bond Ex. 4.  However, none of these arrests ever led to a
conviction; while police might have arrested the Respondent, no prosecutor has been convinced
to file criminal charges against her. *Id.*   In truth, Respondent explained that she attended a
peaceful demonstration related to her community activism, which has no bearing on her
dangerousness. The court also notes that Respondent's recent detention by the DHS had no
relation whatsoever to any criminal activity.

Next, the Court finds that Respondent is not a flight risk.  While it may be true that the
Respondent moved recently from her previous address, that was strictly because her mother, who
supports Respondent financially, had been arrested by DHS.  Respondent had no choice but to
move in with her aunt, so the recent change of address is not indicative of a possible claim that
the Respondent is not stable.

A ██ PII ██                                 3

Additionally, although Deferred Action for Childhood Arrivals ("DACA") is not a form of relief before the Immigration Court, Respondent intends to pursue this application before U.S. Citizenship and Immigration Services, or CIS. The court understands Respondent's previous inability to pay for the application filing fee while also handling the heavy financial demands of home and school life.  It appears that money was spent instead on Respondent's need to buy a car and maintain it and an insurance policy.  Through the community's generosity, the California State University, Los Angeles Dreamers Resource Center is providing a grant to cover the costs of Respondent's future DACA application, for which the court finds she is a prime candidate. *Id.* at 55.

Further, as Respondent is likely to succeed on her DACA application, she has every incentive to appear for all future hearings because a DACA application also serves as a strong basis for a motion to continue proceedings or, if successful, to administratively close proceedings.

Finally, Respondent has a diligent *pro bono* attorney who serves as her strong advocate on her case.  The court considers Respondent's representation to be yet another positive consideration in this matter.

Respondent deserves the opportunity to pursue her case without the restrictions of detention. The court has full confidence that Respondent will appear at all future hearings and any alternatives to detention are unnecessary.

Based on the foregoing, the Court granted Respondent's application for custody redetermination hearing, denied the DHS motion to place an ankle bracelet on Respondent, and determined that a cash amount of bond is unnecessary to guarantee Respondent's appearance in court for future hearings and, if needed, Respondent's compliance with a decision that she depart this nation.

SIGNED on July 28, 2017 at Newark, New Jersey.

Annie S. Garcy
Immigration Judge

Signed by Judge DiPaolo
for Judge Garcy.

PII

4

# ROUTING AND TRANSMITTAL SLIP

DATE: 8/11/2017

| TO: | Initials | Date |
|---|---|---|
| 1. **WSC XW** | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

| Action | X | File | | Note and Return | |
|---|---|---|---|---|---|
| Approval | | For Clearance | | Per Conversation | |
| As Requested | | For Correction | | Prepare Reply | |
| Circulate | | For Your Information | | See Me | |
| Comment | | Investigate | | Signature | |
| Coordination | | Justify | | | |

# REMARKS:

**DO NOT** use this form as a RECORD of Approvals, Concurrences, Disposals, Clearances, and similar actions.

| FROM: | Room No. \ Bldg. OMDF |
|---|---|
| Kristina Saunders DHS/ICE/OCC   U.S. Immigration and Customs Enforcement | Phone No. 619-661-3938 |

5041-102

OPTIONAL FORM 41 (Rev. 7-76)
Prescribed by GSA
FPMR (41 CFR) 101-11.206

CAR 0143

☼ U.S. GOVERNMENT PRINTING OFFICE 1990-255-941



U.S. Department of Homeland Security
1325 Front Street
San Diego, CA 92101

**U.S. Citizenship and Immigration Services**

California Service Center (WSC/CSC)
Department of Homeland Security
24000 Avila Road
Laguna Niguel, Ca 92677

CSC      8/18/2017
5130

CAR 0144

and Immigration
Services

U.S. Dept. of Homeland Security
CIS
San Diego Field Office
1325 Front Street
San Diego, CA 92101
SND



CAR 0145

Date: 5/3/17

## ROUTING AND TRANSMITTAL SLIP

| TO: (Name, Office symbol, room number, building, Agency, Post) | | | | Initials | Date |
|---|---|---|---|---|---|
| 1. | SND | (X1) | | 4890 | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

| | Action | | File | | Note and Return |
|---|---|---|---|---|---|
| | Approval | | For Clearance | | Per Conversation |
| | As Requested | | For Correction | | Prepare Reply |
| | Circulate | | For Your Information | | See Me |
| | Comment | | Investigate | | Signature |
| | Coordination | | Justify | | |

**REMARKS**

# INTERFILE

## THANK YOU

@NRC

DO NOT use this form as a RECORD of approvals, concurrence, disposals,
clearances, and similar actions

| FROM: (Name. Org. sypbol, Agency/Post) | Room No. --- Bldg. |
|---|---|
| **WSC** | Phone No. |

5041 - 103

OPTIONAL FORM 41 (Rev. 1-94)
Prescribed by GSA
UNICOR FPI - SST

CAR 0146



### General Inquiry For A PII

| File # | Seq | Office | Status/Last Action | Location |
|---|---|---|---|---|
| A PII | 000 | SND | **Status:** RECORD IN USE<br>**Audit Date:** 08/24/2017 03:24:03 PM<br>**Last Action:** 08/24/2017 03:24:03 PM  Receive | **Sect:** TA - TRIAL ATTORNEY<br>**Resp:** 0000 - MINI FILE ROOM |

2017 SEP - 8  AM 9: 10
DHS USCIS
SND RECORDS



Action Completed
Approved for Filing

JUN 2 8 2018

OCC/SND

**CAR 0147**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia  22041*

Langarica, Monika Yvette
ABA Immigration Justice Project
2727 Camino del Rio South
Suite 223
San Diego, CA 92108

DHS/ICE Office of Chief Counsel - OTM
880 Front St, Room 2246
San Diego, CA 92101

Name: RUEDA-VIDAL, CLAUDIA SARAHI

A  PII

Type of Proceeding: Removal

Type of Appeal: Bond Appeal

Date of this notice: 8/8/2017

Filed By: DHS

NOTICE -- BRIEFING SCHEDULE

o  Enclosed is a copy of the decision of the Immigration Judge.

o  Appealing party is granted until 8/29/2017    to submit a brief to the Board of Immigration
Appeals. The brief must be **RECEIVED** at the Board on or before this date.

o  Opposing party is granted until 9/19/2017    to submit a brief to the Board of Immigration
Appeals. The brief must be **RECEIVED** at the Board on or before this date.

o  **BOND** - Transcripts are not prepared for appeals from an Immigration Judge's decision in bond
proceedings. If you wish to listen to the audio recording of the custody hearing or obtain copies of
audio recordings, you should contact the Immigration Court for assistance. You may also address the
need for a transcript in your brief to the Board.

**WARNING:** If you indicate on the Notice of Appeal (Form EOIR-26) that you will file a brief or
statement, you are expected to file a brief or statement in support of your appeal. If you fail to file a
brief or statement within the time set for filing in this briefing schedule, the Board may summarily
dismiss your appeal. See 8 C.F.R. § 1003.1(d)(2)(i)(E).

If you are an alien and you received this notice, you are not represented by an attorney or accredited
representative. An attorney or accredited representative must file a Notice of Entry of Appearance
(Form EOIR-27) to represent you. 8 C.F.R. §§ 1003.3(a)(3) and 1003.38(g). Until a Form EOIR-27 is
received, you are responsible for submitting a brief, and any submissions by anyone other than you
will be rejected.

**FILING INSTRUCTIONS -- In General.**

**IMPORTANT: The Board of Immigration Appeals has included two copies of this notice.
Please attach one copy of this notice to the front of your brief when you mail or deliver it to the
Board, and keep one for your records. Thank you for your cooperation.**

Board of Immigration Appeals within the prescribed time limits. It is NOT sufficient simply to mail the brief and assume your brief will arrive on time. We strongly urge the use of an overnight courier service to ensure the timely filing of your brief.

<u>Use of an over-night courier service is strongly encouraged to ensure timely filing.</u>

<u>If the alien is represented by counsel at the appeal level</u>, a Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27) must be filed with the Board.

If you have any questions about how to file something at the Board, you should review the Board's Practice Manual at <u>www.justice.gov/eoir</u>.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the DHS at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. <u>Any submission filed with the Board without a certificate of service on the opposing party will be rejected</u>.

**FILING ADDRESS:**

    Board of Immigration Appeals
    Clerk's Office
    5107 Leesburg Pike, Suite 2000
    Falls Church, VA 22041

    Business hours: Monday through Friday, 8:00 a.m. to 4:30 p.m.

<u>Use of an overnight courier service is strongly encouraged to ensure timely filing.</u>

**FILING INSTRUCTIONS -- Extension Request**.

Unless you receive a Board Notice granting your extension request, your brief will remain due on the date stated above.

Extensions of briefing time will only be granted for good cause. All extension requests must be in writing. Telephonic or fax requests will not be accepted.

Extension requests must be **RECEIVED** at the Board on or before the expiration of the initial briefing schedule. Requests for extension of briefing time <u>received after</u> expiration of the initial briefing schedule, <u>will not be granted</u>.

The policy of the Board is that no additional extensions will be granted.

**Userteam**:

CAR 0149

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Langarica, Monika Yvette
ABA Immigration Justice Project
2727 Camino del Rio South
Suite 223
San Diego, CA 92108

DHS/ICE Office of Chief Counsel - OTM
880 Front St, Room 2246
San Diego, CA 92101

Name: RUEDA-VIDAL, CLAUDIA SARAHI

A PII

Type of Proceeding: Removal

Date of this notice: 8/8/2017

Type of Appeal: Bond Appeal

Filed By: <u>DHS</u>

### NOTICE -- BRIEFING SCHEDULE

o  Enclosed is a copy of the decision of the Immigration Judge.

o  Appealing party is granted until  8/29/2017        to submit a brief to the Board of Immigration
Appeals.  The brief must be **RECEIVED** at the Board on or before this date.

o  Opposing party is granted until  9/19/2017        to submit a brief to the Board of Immigration
Appeals.  The brief must be **RECEIVED** at the Board on or before this date.

o  **BOND** - Transcripts are not prepared for appeals from an Immigration Judge's decision in bond
proceedings.  If you wish to listen to the audio recording of the custody hearing or obtain copies of
audio recordings, you should contact the Immigration Court for assistance.  You may also address the
need for a transcript in your brief to the Board.

**WARNING:** If you indicate on the Notice of Appeal (Form EOIR-26) that you will file a brief or
statement, you are expected to file a brief or statement in support of your appeal.  If you fail to file a
brief or statement within the time set for filing in this briefing schedule, the Board may summarily
dismiss your appeal.  See 8 C.F.R. § 1003.1(d)(2)(i)(E).

If you are an alien and you received this notice, you are not represented by an attorney or accredited
representative.  An attorney or accredited representative must file a Notice of Entry of Appearance
(Form EOIR-27) to represent you.  8 C.F.R. §§ 1003.3(a)(3) and 1003-38(g).  Until a Form EOIR-27 is
received, you are responsible for submitting a brief, and any submissions by anyone other than you
will be rejected.

<u>FILING INSTRUCTIONS</u> -- **In General.**

**IMPORTANT: The Board of Immigration Appeals has included two copies of this notice.
Please attach one copy of this notice to the front of your brief when you mail or deliver it to the
Board, and keep one for your records.  Thank you for your cooperation.**

CAR 0150

Board of Immigration Appeals within the prescribed time limits. It is NOT sufficient simply to mail the brief and assume your brief will arrive on time. We strongly urge the use of an overnight courier service to ensure the timely filing of your brief.

Use of an over-night courier service is strongly encouraged to ensure timely filing.

If the alien is represented by counsel at the appeal level, a Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27) must be filed with the Board.

If you have any questions about how to file something at the Board, you should review the Board's Practice Manual at www.justice.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the DHS at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

**FILING ADDRESS:**

Board of Immigration Appeals
Clerk's Office
5107 Leesburg Pike, Suite 2000
Falls Church, VA 22041

Business hours: Monday through Friday, 8:00 a.m. to 4:30 p.m.

Use of an overnight courier service is strongly encouraged to ensure timely filing.

**FILING INSTRUCTIONS -- Extension Request.**

Unless you receive a Board Notice granting your extension request, your brief will remain due on the date stated above.

Extensions of briefing time will only be granted for good cause. All extension requests must be in writing. Telephonic or fax requests will not be accepted.

Extension requests must be **RECEIVED** at the Board on or before the expiration of the initial briefing schedule. Requests for extension of briefing time received after expiration of the initial briefing schedule, will not be granted.

The policy of the Board is that no additional extensions will be granted.

**Userteam:**

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
**Otay Mesa Detention Center**
**7488 Calzada de la Fuente**
**San Diego, California 92154**

| | |
|---|---|
| File No.:  ▉PII▉ ) | |
| ) | |
| In the Matter of ) | **IN CUSTODY REDETERMINATION** |
| ) | **PROCEEDINGS** |
| ) | |
| Claudia Sarahi RUEDA-VIDAL ) | |
| ) | |
| Respondent ) | |

**ON BEHALF OF RESPONDENT:**          **ON BEHALF OF THE DEPARTMENT OF**
                                      **HOMELAND SECURITY:**

Monika Y. Langarica, Esq.            DHS Counsel
2727 Camino del Rio South, Suite 223  7488 Calzada de la Fuente
San Diego, California 92108           San Diego, California 92154

**MEMORANDUM OF THE IMMIGRATION JUDGE**

This memorandum explains why the undersigned has ordered that the Respondent be
released from custody of the Department of Homeland Security on her own recognizance
without having to post cash bond or submit to ankle bracelet monitoring.

On May 18, 2017, the Department of Homeland Security (DHS) served Respondent with
a Notice to Appear (NTA) charging her with deportability under Section 237(a)(1)(B) of the
Immigration and Nationality Act (the Act).

The DHS took Respondent into custody when three cars surrounded the Respondent early
one morning when Respondent, in her sleepwear, came out to move her car to comply with
alternate side parking.  She was served with notice that she was held without bond, despite her
having no criminal record, having made no resistance to her being arrested, and being known to
DHS before her arrest (which was made with advance planning and a warrant).

Respondent made a request for custody redetermination but had to wait a lengthy period
until June 9, 2017 for hearing because of the demanding caseload at Otay Mesa Service
Processing Center.  The docket is one that is being managed with the use of Immigration Judges
from other cities, thus, the undersigned, an Immigration Judge from Newark, New Jersey, was on
temporary assignment in California that week.

Neither of the parties dispute the legal fact that the Respondent is bond-eligible.

CAR 0152

Years ago, the Board of Immigration Appeals established that the most significant considerations in these proceedings are whether Respondent is likely to appear in court and whether she is a danger to the community. *Matter of Adeniji,* 22 I&N Dec. 1102 (BIA 1999). The case law of the various circuits has been loyal to those concepts. Decades of cases still valid establish that the court considers Respondent's stability, motivation to attend further hearings, length of residence in this country, stable employment or education history, family ties to this country, community ties, lack of previous immigration violations, whether there is a criminal history, and other evidence including whether Respondent has become Americanized by living her formative years in this country. *Matter of Vea,* 18 I&N Dec. 171 (BIA 1981); *Matter of Shaw,* 17 I&N Dec. 177 (BIA 1979); *Matter of Spiliopoulos,* 16 I&N Dec. 561 (BIA 1978). The Immigration Judge may consider various factors in determining whether a respondent merits release from custody, as well as the amount of bond that is appropriate, and may consider any evidence that is probative and specific. *Matter of Guerra,* 24 I&N Dec. 37, 40-41 (BIA 2006).

*Evidence Supplied*

DHS outlined that Respondent was recently arrested for being at the scene of a riot. Evidence regarding the charge and its disposition was not presented. Evidently, based on the arrest, DHS counsel felt equipped to move that this court order that an ankle bracelet be locked onto Respondent to monitor and restrict her movement.

Respondent filed a lengthy submission, well-indexed, and one that addresses many aspects of her case. She has strong ties to the U.S. She has been living in the U.S. since 2001 when she came to this country at six years old. Bond Ex. 3. at 14. She lives with her mother, recently placed in removal proceedings, and her sister, who is currently applying for permanent residence. *Id.* Her attorney explained that the Respondent was arrested at a non-violent political demonstration that voiced objection to present immigration policies and that Respondent did not engage in any violence or threatening conduct and that, in fact, all charges were dismissed.

Recognizing the importance of education, Respondent achieved early scholastic accomplishments from elementary school through high school which led her to become the first member in her family to attend college. *Id.* at 70-75, 127-34. Letters are numerous and lengthy about Respondent's positive drive and accomplishments. She easily made a positive reputation for herself both at the University of California, Santa Cruz and California State University, Los Angeles as various teachers and administrators have commended her for her academic performance. *Id.* at 60-69. Respondent received a prestigious Dream Summer Intern position through the University of California, Los Angeles Labor Center where she supported the Service Employees International Union. *Id.* at 14. The Project Director, Victor Narro, stated that, in Respondent's position:

> Claudia developed educational tools and curriculum to empower low-wage
> workers and advance the educational goals of youth. She served as an advocate
> for the most vulnerable populations in Southern California, and did so with

CAR 0153

humility, respect, and passion. She is one of the most responsible people to have
gone through the program.

*Id.* at 78. Beyond these accomplishments, Respondent is also a leader in her community,
particularly through her work as a Youth Organizer for the Los Angeles Immigrant Youth
Coalition. *Id.* at 14, 56-59. Clearly, she is completely Americanized and all of her most
important ties are to this nation at this time.

Most telling of Respondent's character and ties to the community, she received an
outpouring of support from notable public figures including U.S. Congresswoman Karen Bass of
California's 37th District, City of Los Angeles Mayor Eric Garcetti, City of Los Angeles
Councilmembers Jose Huizar and Gilbert Cedillo, as well as Los Angeles County Supervisors
Sheila Kuehl and Hilda Solis. *Id.* at 17-22. The court was also provided with a joint letter from
87 different immigrant, civil rights, faith-based, and legal services providers with inspiring
support of Respondent based on her pursuit of education, advocacy for gender and racial justice,
and her ties to the community. *Id.* at 23-51.

With regard to the posture of the DHS in this case, there is no objective evidence
supplied for why Respondent is held without bond except for the potential argument that, if
Respondent is not granted DACA status, her only available relief at this time is for voluntary
departure under Section 240B of the Act.

*Findings of Fact and Conclusions*

The court finds that Ms. Rueda established that she is not a danger to the community and
not a flight risk. *See Matter of Adeniji*, 22 I&N Dec. 1102, 1113 (BIA 1999)(stating that
respondent must demonstrate that her "release would not pose a danger to property or persons,
and that [she] is likely to appear for any future proceeding.").

The court recognizes that she has two arrests for misdemeanor offenses including a
January 2015 trespassing under California Penal Code §602(K) and in September 2012 for
disturbing the peace under §409. Bond Ex. 4. However, none of these arrests ever led to a
conviction; while police might have arrested the Respondent, no prosecutor has been convinced
to file criminal charges against her. *Id.* In truth, Respondent explained that she attended a
peaceful demonstration related to her community activism, which has no bearing on her
dangerousness. The court also notes that Respondent's recent detention by the DHS had no
relation whatsoever to any criminal activity.

Next, the Court finds that Respondent is not a flight risk. While it may be true that the
Respondent moved recently from her previous address, that was strictly because her mother, who
supports Respondent financially, had been arrested by DHS. Respondent had no choice but to
move in with her aunt, so the recent change of address is not indicative of a possible claim that
the Respondent is not stable.

CAR 0154

Additionally, although Deferred Action for Childhood Arrivals ("DACA") is not a form of relief before the Immigration Court, Respondent intends to pursue this application before U.S. Citizenship and Immigration Services, or CIS. The court understands Respondent's previous inability to pay for the application filing fee while also handling the heavy financial demands of home and school life.  It appears that money was spent instead on Respondent's need to buy a car and maintain it and an insurance policy.  Through the community's generosity, the California State University, Los Angeles Dreamers Resource Center is providing a grant to cover the costs of Respondent's future DACA application, for which the court finds she is a prime candidate. *Id.* at 55.

Further, as Respondent is likely to succeed on her DACA application, she has every incentive to appear for all future hearings because a DACA application also serves as a strong basis for a motion to continue proceedings or, if successful, to administratively close proceedings.

Finally, Respondent has a diligent *pro bono* attorney who serves as her strong advocate on her case.  The court considers Respondent's representation to be yet another positive consideration in this matter.

Respondent deserves the opportunity to pursue her case without the restrictions of detention. The court has full confidence that Respondent will appear at all future hearings and any alternatives to detention are unnecessary.

Based on the foregoing, the Court granted Respondent's application for custody redetermination hearing, denied the DHS motion to place an ankle bracelet on Respondent, and determined that a cash amount of bond is unnecessary to guarantee Respondent's appearance in court for future hearings and, if needed, Respondent's compliance with a decision that she depart this nation.

SIGNED on July 28, 2017 at Newark, New Jersey.

Annie S. Garcy
Immigration Judge

*Signed by Judge DiPaolo for Judge Garcy.*

CAR 0155

# ROUTING AND TRANSMITTAL SLIP          DATE: 8/18/2017

| TO: | Initials | Date |
|---|---|---|
| 1. **WSC RC** | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

| | | | | | |
|---|---|---|---|---|---|
| | Action | X | File | | Note and Return |
| | Approval | | For Clearance | | Per Conversation |
| | As Requested | | For Correction | | Prepare Reply |
| | Circulate | | For Your Information | | See Me |
| | Comment | | Investigate | | Signature |
| | Coordination | | Justify | | |

## REMARKS:

Please file.

**DO NOT** use this form as a RECORD of Approvals, Concurrences, Disposals, Clearances, and similar actions.

| FROM: | Room No. \ Bldg. |
|---|---|
| | OMDF |
| | **Phone No.** |
| Kristina Saunders DHS/ICE/OCC   U.S. Immigration and Customs Enforcement | 619-661-3938 |

5041-102

OPTIONAL FORM 41 (Rev. 7-76)
Prescribed by GSA                **CAR 0156**
FPMR (41 CFR) 101-11.206

☼  U.S. GOVERNMENT PRINTING OFFICE 1990-255-941



**U.S. Department of Homeland Security**
1325 Front Street
San Diego, CA 92101



**U.S. Citizenship
and Immigration
Services**

California Service Center (WSC/CSC)
Deparment of Homeland Security
24000 Avila Road
Laguna Niguel, Ca  92677



CSC    8/24/2017

5089

**CAR 0157**

U.S. Department of Justice

Executive Office for Immigration Review

# Record of Master Calendar Pre-Trial Appearance and Order

Name: _____     Date: _____

File No.: _____     Best Language: _____

Presiding Judge: HON. _____

Government's Attorney: _____     Respondent's Attorney: _____

Factual Allegations No.: _____

_____ DENIED     _____ ADMITTED

Removability:     ☐ CONCEDED     ☐ CONTESTED

The respondent is not interested in INA §240B(a) relief and will seek the following: _____

_____

Country of choice for removal purposes: _____

The parties acknowledge receipt of a copy of this record and order and have no objections to the contents herein.

_____     _____     _____
*Government's Attorney*            *Respondent*                    *Respondent's Attorney*

## ORDER

The Court directs _____ as the country designated for removal purposes.

All relief applications and documents in support thereof, including proof of fee payment and biometrics registration, must be filed no later than _____, or by such date as may be extended by the Immigration Judge. Failure to timely file the aforementioned documents will result in the conclusion that such applications are abandoned.

Any pretrial motions, legal briefs, and/or pre-hearing statements must be filed by: ☐ the Respondent, ☐ the Government, or ☐ Both Parties no later than _____, and the opposing party's statement must be filed by _____.

All filings and submissions must comply with this Order and with the Immigration Court Practice Manual. The Practice Manual is available at http://www.justice.gov/eoir/office-chief-immigration-judge-0

Individual Calendar Trial Date: _____ at _____ a.m./p.m.

Master Calendar re-set Date: _____ at _____ a.m./p.m.

Further Orders, requirements, or issues of note: _____

_____

_____

_____

_____

So Ordered _____
*Immigration Judge*

CAR 0458

Form EOIR-55
May 2009

**Action Completed**
**Approved for Filing**

JUL 1 2 2017

OCC/SND

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

U.S. DEPARTMENT OF HOMELAND SECURITY
IMMIGRATION AND CUSTOMS ENFORCEMENT
JUL 1 0 2017
OFFICE OF CHIEF COUNSEL
SAN DIEGO, C.A.

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**RUEDA-VIDAL, CLAUDIA SARAHI**
**121 NORTH HICKS AVENUE**
**LOS ANGELES, CA 90063**

**DHS/ICE Office of Chief Counsel - SND**
**880 Front St., Room 2246**
**San Diego, CA 92101-8834**

Name: **RUEDA-VIDAL, CLAUDIA SARAHI**

A PII

Type of Proceeding: **Removal**

Date of this notice: **7/5/2017**

Type of Appeal: **Bond Appeal**

Filed by:**DHS**

### FILING RECEIPT FOR APPEAL

The Board of Immigration Appeals acknowledges receipt of your appeal and fee or fee waiver request (where applicable) on 7/3/2017          in the above-referenced case.

**WARNING:** If you leave the United States after filing this appeal but before the Board issues a decision your appeal will be considered withdrawn and the Immigration Judge's decision will become final as if no appeal had been taken (unless you are an "arriving alien" as defined in the regulations under 8 C.F.R. § 1001.1(q)).

**WARNING:** If you have been granted voluntary departure by the Immigration Judge, you must submit sufficient proof of having posted the voluntary departure bond set by the Immigration Judge to the Board of Immigration Appeals. Your submission of proof must be provided to the Board within 30 days of filing this appeal. If you do not timely submit proof to the Board that the voluntary departure bond has been posted, the Board cannot reinstate the period of voluntary departure. 8 C.F.R. § 1240.2(c)(3)(ii).

**PLEASE NOTE**:
In all future correspondence or filings with the Board, please list the name and alien registration number ("A" number) of the case (as indicated above), as well as all of the names and "A" numbers for every family member who is included in this appeal.

If you have any questions about how to file something at the Board, you should review the Board's Practice Manual at www.justice.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the DHS at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

taylort

Userteam: West



ACTION COMPLETED
APPROVED FOR FILING
JUL 18 2017
INITIALS:
FOC: CSC      5026



SCANNED
JUL 11 2017   SND

CAR 0159

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

RUEDA-VIDAL, CLAUDIA SARAHI
121 NORTH HICKS AVENUE
LOS ANGELES, CA 90063

DHS/ICE Office of Chief Counsel - SND
880 Front St., Room 2246
San Diego, CA 92101-8834

Name: RUEDA-VIDAL, CLAUDIA SARAHI          A  `PII`

Type of Proceeding: Removal                 Date of this notice: 7/5/2017

Type of Appeal or Motion: Bond Appeal        Filed By: <u>DHS</u>

### NOTICE TO ALIEN AND ALIEN'S ATTORNEY OR ACCREDITED REPRESENTATIVE OF FORM EOIR-27 REQUIREMENT

<u>DHS Appeal or DHS Motion filed with BIA; alien was represented in previous proceedings</u>. On
7/3/2017         the Department of Homeland Security filed <u>an appeal</u>in your case. Our records
reflect you may have had representation in previous proceedings before the Immigration Judge or the
Board of Immigration Appeals (BIA). If you wish to be represented in these proceedings before the
Board of Immigration Appeals, **your representative must complete the enclosed Form EOIR-27**
(Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration
Appeals) and file it with the Board as soon as possible in accordance with the <u>Filing Instructions</u>
below.

Unless a Form EOIR-27 is received from your representative, you will be considered pro se
(representing yourself) before the Board and all future notices, including the Board's decision, will be
sent directly to you at your address above and not to your representative.

### <u>FILING INSTRUCTIONS</u>

If you have any questions about how to file something at the Board, you should review the Board's
<u>Practice Manual</u> at <u>www.justice.gov/eoir</u>.

<u>Proof of service on the opposing party at the address above is required for ALL submissions to the
Board of Immigration Appeals</u> -- including correspondence, forms, briefs, motions, and other
documents. If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for
the DHS at the address shown above. Your certificate of service must clearly identify the document
sent to the opposing party, the opposing party's name and address, and the date it was sent to them.
<u>Any submission filed with the Board without a certificate of service on the opposing party will be
rejected</u>.

### <u>FILING ADDRESS:</u>



SCANNED
JUL 1 1 2017   SND
CAR 0160

Board of Immigration Appeals
Clerk's Office
5107 Leesburg Pike, Suite 2000
Falls Church, VA  22041

Business hours:  Monday through Friday, 8:00 a.m. to 4:30 p.m.

<u>Use of an overnight courier service is strongly encouraged to ensure timely filing.</u>

cc:

Langarica, Monika Yvette
ABA Immigration Justice Project
2727 Camino del Rio South
San Diego, CA, 92108

taylort
**Userteam**:West

CAR 0161

U.S. Department of Homeland Security
1325 Front Street
San Diego, CA 92101



**U.S. Citizenship
and Immigration
Services**

California Ser
Deparment
2400
Laguna

CSC

5130

CAR 0162

U.S. OFFICIAL MAIL
PENALTY FOR
PRIVATE USE $300

PITNEY BOWES

02 1R
0000012603          $ 01.19⁰
                   JUL 13  2017
MAILED FROM ZIP CODE 92101

ice Center (WSC/CSC)
f Homeland Security
Avila Road
guel, Ca  92677

7/17/2017

60V

**CAR 0163**

# Department of Homeland Security

# FOR OFFICIAL USE ONLY

**THE ATTACHED MATERIALS CONTAIN DEPARTMENT OF HOMELAND SECURITY INFORMATION THAT IS "FOR OFFICIAL USE ONLY," OR OTHER TYPES OF SENSITIVE BUT UNCLASSIFIED INFORMATION REQUIRING PROTECTION AGAINST UNAUTHORIZED DISCLOSURE.  THE ATTACHED MATERIALS WILL BE HANDLED AND SAFEGUARDED IN ACCORDANCE WITH DHS MANAGEMENT DIRECTIVES GOVERNING PROTECTION AND DISSEMINATION OF SUCH INFORMATION.**

**AT A MINIMUM, THE ATTACHED MATERIALS WILL BE DISSEMINATED ONLY ON A "NEED-TO-KNOW" BASIS AND WHEN UNATTENDED, WILL BE STORED IN A LOCKED CONTAINER OR AREA OFFERING SUFFICIENT PROTECTION AGAINST THEFT, COMPROMISE, INADVERTENT ACCESS AND UNAUTHORIZED DISCLOSURE.**

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB# 1125-0002

**Notice of Appeal from a Decision of an Immigration Judge**

WSC
DU

6295

2017 JUL -3 PM 12: 38

BOARD OF
IMMIGRATION APPEALS
OFFICE OF THE CLERK

RECEIVED
DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW

1.

*(left margin: Staple Check or Money Order Here. Include Name(s) and "A" Number(s) on the face of the check or money order.)*

List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s):
Claudia Rueda Vidal, [PII]

For Official Use Only

**!** **WARNING:** Names and "A" Numbers of **everyone** appealing the Immigration Judge's decision must be written in item #1. The names and "A" numbers listed will be the only ones considered to be the subjects of the appeal.

2.  I am    ☐ the Respondent/Applicant    ☑ DHS-ICE   *(Mark only one box.)*

3.  I am    ☐ DETAINED    ☑ NOT DETAINED   *(Mark only one box.)*

4.  My last hearing was at   Otay Mesa, California  _____   *(Location, City, State)*

2017 JUL 19 PM 12: 37
DHS USCG
SND RECORDS

5.  **What decision are you appealing?**

*Mark only one box below. If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).*

☐ I am filing an appeal from the Immigration Judge's decision *in **merits** proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated _____ .

☑ I am filing an appeal from the Immigration Judge's decision *in **bond** proceedings* dated
06/09/17 _____ . (For DHS use only: Did DHS invoke the automatic stay provision before the Immigration Court?  ☐ Yes.  ☑ No.)

☐ I am filing an appeal from the Immigration Judge's decision ***denying a motion to reopen or a motion to reconsider*** dated _____ .

*(Please attach a copy of the Immigration Judge's decision that you are appealing.)*

Action Completed
Approved for Filing
JUL 18 2017
OCC/SND

Page 1 of 3

SCANNED
JUL 11 2017   SND

Form EOIR-26
Revised Oct. 2016

**CAR 0165**

6. **State in detail the reason(s) for this appeal. Please refer to the General Instructions at item F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**

Claudia Rueda Vidal,   PII

See attached.

*(Attach additional sheets if necessary)*

> **!** **WARNING:** You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing.

7.   Do you desire oral argument before the Board of Immigration Appeals?   ☐ Yes   ☑ No

8.   Do you intend to file a separate written brief or statement after filing this Notice of Appeal?   ☑ Yes   ☐ No

> **!** **WARNING:** If you mark "Yes" in item #7, you should also include in your statement above why you believe your case warrants review by a three-member panel. The Board ordinarily will not grant a request for oral argument unless you also file a brief.
>
> If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule..

9.   ☞ **SIGN HERE** ➡   X _Kathryn E. Ru_

Signature of Person Appealing
*(or attorney or representative)*

Date   6/30/17

Form EOIR-26
Revised Oct. 2016

**Page 2 of 3**

CAR 0166

Claudia Rueda Vidal,           PII

The Immigration Judge erred when she released the respondent on her own recognizance, as the respondent poses a significant risk of flight . The respondent is a native and citizen of Mexico born on       PII       1995.  She entered the United States on December 23, 2001, at the Calexico West Port of entry on a nonimmigrant visitor's visa with permission to remain in the United States for a temporary period not to exceed six months.  She failed to depart at the end of her authorized stay.  On May 18, 2017 the respondent was apprehended by United States Border Patrol agents and served with a Notice to Appear charging her as an alien subject to removal under Section 237(a)(1)(B) of the Immigration and Nationality Act (INA) for remaining in the United States longer than permitted.  She was detained under INA § 236(a) without bond.  During a bond redetermination hearing on June 9, 2017, the Department of Homeland Security ("DHS") asserted that its decision to hold the respondent without bond was supported by the respondent's September 6, 2012 arrest for remaining at the scene of a riot in violation of California Penal Code § 409(c), her arrest on January 28, 2015 for trespassing/injury to property in violation of California Penal Code § 602(k) and the limited relief available to her.  See 8 C.F.R. § 236.1(c)(8) (an office authorized to issue an arrest warrant may in his discretion release an alien not subject to mandatory custody, under certain conditions provided the alien demonstrates that such release would not pose a danger to property or persons and that the alien is likely to appear for future hearings).  The respondent, through counsel, admitted to the arrests, explained that they were for protesting and asserted that no charges were filed.  The Immigration Judge granted the respondent's request for a change in custody status, reduced the bond from no bond and released the respondent on her own recognizance.  She denied DHS's request to add electronic monitoring at DHS's discretion as a condition of her release and did not set any conditions on the respondent's release.

Neither INA § 236(a) of the Act nor any applicable regulations confer on the alien the right to release on bond.  *Matter of D-J-*, 23 I&N Dec. 572 (A.G. 2003).  The summary order issued by the Immigration Judge is defective because the respondent failed to meet her burden to show that she is not a flight risk given that she has not established eligibility for any form of relief from removal, and thus the setting of some bond amount was warranted.

| 10. | **Mailing Address of Respondent(s)/Applicant(s)** | 11. | **Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s)** |
|---|---|---|---|

**10.**

Monika Y. Langarica, Esquire

(Name)

Immigration Justice Project

(Street Address)

2727 Camino del Rio South, Suite 223

(Apartment or Room Number)

San Diego, CA 92108

(City, State, Zip Code)

PII

(Telephone Number)

**11.**

Department of Homeland Security

(Name)

880 Front Street

(Street Address)

Suite 2246

(Suite or Room Number)

San Diego, CA 92101

(City, State, Zip Code)

619 436 0332

(Telephone Number)

**NOTE:** You must notify the Board within five (5) working days if you move to a new address or change your telephone number. You must use the Change of Address Form/Board of Immigration Appeals (Form EOIR-33/BIA).

**NOTE:** If an attorney or representative signs this appeal for you, he or she must file *with this appeal*, a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27).

**12.**

## PROOF OF SERVICE (You Must Complete This)

I ___Kathryn Stuever_____ mailed or delivered a copy of this Notice of Appeal

(Name)

on __06/30/17_____ to __Claudia Rueda Vidal, C/O Monika Langarica, Esquire___

(Date)                                                           (Opposing Party)

at _2727 Camino del Rio South, Suite 223, San Diego, CA 92108_____

(Number and Street, City, State, Zip Code)

**SIGN HERE** ➤  x _Kathryn E. Stu_____

Signature

**NOTE:** If you are the Respondent or Applicant, the "Opposing Party" is the Assistant Chief Counsel of DHS - ICE.

**WARNING:** If you do not complete this section properly, your appeal will be rejected or dismissed.

**WARNING:** If you do not attach the fee or a completed Fee Waiver Request (Form EOIR-26A) to this appeal, your appeal may be rejected or dismissed.

## HAVE YOU?

☐ Read all of the General Instructions
☐ Provided all of the requested information
☐ Completed this form in English
☐ Provided a certified English translation for all non-English attachments
☐ Signed the form

☐ Served a copy of this form and all attachments on the opposing party
☐ Completed and signed the Proof of Service
☐ Attached the required fee or Fee Waiver Request
☐ If represented by attorney or representative, attach a completed and signed EOIR-27

Form EOIR-26
Revised Oct. 2016

CAR 0750

# ROUTING AND TRANSMITTAL SLIP     DATE: 7/18/2017

| TO:<br>WSC DU | Initials | Date |
|---|---|---|
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

| | | X | | | | |
|---|---|---|---|---|---|---|
| Action | | X | File | | Note and Return | |
| Approval | | | For Clearance | | Per Conversation | |
| As Requested | | | For Correction | | Prepare Reply | |
| Circulate | | | For Your Information | | See Me | |
| Comment | | | Investigate | | Signature | |
| Coordination | | | Justify | | | |

## REMARKS:

**DO NOT** use this form as a RECORD of Approvals, Concurrences, Disposals, Clearances, and similar actions.

| FROM:<br>Christine Rodriguez<br>DHS/ICE/OCC |  U.S. Immigration and Customs Enforcement | Room No. \ Bldg.<br>2246 |
|---|---|---|
| | | Phone No.<br>619-557-5578 |

5041-102

OPTIONAL FORM 41 (Rev. 7-76)
Prescribed by GSA     **CAR 0169**
FPMR (41 CFR) 101-11.206

U.S. GOVERNMENT PRINTING OFFICE 1990-255-941



**After printing this label**:

1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: IMPORTANT: TRANSMIT YOUR SHIPPING DATA AND PRINT A MANIFEST:
At the end of each shipping day, you should perform the FedEx Ground End of Day Close procedure to transmit your shipping data to FedEx. To do so, click on the Ground End of Day Close Button. If required, print the pickup manifest that appears. A printed manifest is required to be tendered along with your packages if they are being picked up by FedEx Ground. If you are dropping your packages off at a FedEx drop off location, the manifest is not required.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide and applicable tariff, available upon request. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations, including limitations on our liability, can be found in the current FedEx Service Guide and applicable tariff apply. In no event shall FedEx Ground be liable for any special, incidental, or consequential damages, including, without limitation, loss of profit, loss to the intrinsic value of the package, loss of sale, interest income or attorney's fees. Recovery cannot exceed actual documented loss. Items of extraordinary value are subject to separate limitations of liability set forth in the Service Guide and tariff. Written claims must be filed within strict time limits, see current FedEx Service Guide.



**CAR 0170**

**U.S. Department of Homeland Security**
Immigration and Customs Enforcement

**Order of Release on Recognizance**

PII

Case of: A    PII    RUEDA-Vidal, Claudia Sarahi (Mexico).
**Address:**    PII    Los Angeles, CA, 90063, US    **Phone:**    PII

You have been arrested and placed in removal proceedings.   In accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with the following conditions:

☒   You must report for any and all immigration appointments/interviews as directed by Immigration and Customs Enforcement and you must report for any or the Executive Office for Immigration Review.

☒   You must surrender for removal from the United States if so ordered.

☒   You must report in person to _____ Duty Officer _____
(Name and Title of Case Officer)

At   300 North Los Angeles, Rm 2204, Los Angeles, CA 90012    on    Friday, June 16, 2017    At    10:00 am
(Location of ICE Office)          (Day & Date of Appointment)          (Time)

If you are allowed to report in writing, the report must contain your name, alien registration number, current address, place of employment, and other pertinent information as required by the officer listed above.

☒   You must not change your place of residence without written notification to the office listed above <u>within 5 days after moving</u>.

☒   You must not violate any local, State, or Federal laws or ordinances.

☐   You must assist Immigration and Customs Enforcement in obtaining any necessary travel documents.

☒   Other:   If you change your address, you must also file Form EOIR-33 with the Immigration Court within 5 days after moving.

**NOTICE:   Failure to comply with the conditions of this order may result in revocation of your release and your arrest and detention by Immigration and Customs Enforcement.**

Signature of ICE Official: _____
Gregory J. Archambeault, FOD, DHS ICE ERO San Diego Field Office

**Alien's Acknowledgment of Conditions of Release on Recognizance**

I hereby acknowledge that I have read (or had interpreted and explained to me in the **Spanish/Español** language) and I understand the conditions of my release as set forth in this order.   I further understand that if I do not comply with these conditions, Immigration and Customs Enforcement may revoke my release without further notice and take me into custody.

PII

_____          _____          June 9, 2017
(Signature of ICE Official Serving Order)          (Signature of Alien)          (Date)

**Cancellation of Order of Release on Recognizance:**

I hereby cancel this order of release because:   ☐   The alien failed to comply with the conditions of release.

☐   The alien was taken into custody for removal.

_____          _____
(Signature of ICE Official Canceling order)          (Date)

CAR 0171   I-220A

**U.S. Department of Homeland Security**
IMMIGRATION AND CUSTOMS ENFORCEMENT

## Notice to EOIR: Alien Address

| | |
|---|---|
| Date: June 9, 2017 | A-File No:  A  PII |

To:    Office of the Immigration Judge
       Executive Office for Immigration Review
       401 West A Street, Suite 800
       San Diego, CA    92101

From:  Office of the District Director
       IMMIGRATION AND CUSTOMS ENFORCEMENT
       880 Front Street, Room 1234, San Diego, CA 92101

Respondent:    RUEDA-Vidal, Claudia Sarahi (Mexico)

---

**This is to notify you that this respondent is:**

☐ Currently incarcerated by other than ICE.   A charging document has been served on the respondent, and an Immigration Detainer-Notice of Action by the ICE (Form I-247) has been filed with the Institution shown below.   He/she is incarcerated at:

His/her anticipated release date is:

☐ Currently detained by ICE at:

☐ Currently detained by ICE and   transferred this date to a new location:

**ICE Motion for Change of Venue attached.**   ☐ Yes   ☒ No

☒ Released from ICE custody on the following condition(s):
   ☐ Personal Recognizance
   ☒ Order of Recognizance (Form I-220A)
   ☐ Bond in the amount of $ _____   ☐ Surety bond   ☐ Cash bond
   ☐
   Other _____

☒ Upon release from ICE custody, the respondent reported his/her address will be:

PII               Los Angeles, CA, 90063, US   Phone: PII

☒ Upon release from ICE custody, the respondent was reminded of the requirements contained in Section 239 (a)(1)(F)(ii) of the Immigration and Nationality Act and was provided with an EOIR change of address form (EOIR-33).

| | |
|---|---|
| *Signature-ICE officer* | Deportation Officer |
| | *Title-ICE Officer* |
| B. Brickett | San Diego, CA |
| *Printed Name of ICE Officer* | *Location* |

CAR 0172  Form I-830 (Rev. 4/1/97)N

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SAN DIEGO, CA

FILE: ████ PII ████

IN THE MATTER OF:

RUEDA-VIDAL, CLAUDIA SARAHI

RESPONDENT

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE
WITH RESPECT TO CUSTODY

Request having been made for a change in the custody status of
respondent pursuant to 8 CFR 236.1(c), and full consideration
having been given to the representations of the Department of
Homeland Security and the respondent, it is hereby

_____   ORDERED that the request for a change in custody status be
         denied.

__X__    ORDERED that the request be granted and that respondent be:

                                        her
__X__    released from custody on his own recognizance

_____   released from custody under bond of $_____

__X__    OTHER  Reduced from no bond._____

Copy of this decision has been served on the respondent and the
Department of Homeland Security.

APPEAL:  waived -- reserved  by DHS atty 7/13/17

SAN DIEGO -- OTAY MESA DETENTION CENTER

Date:  Jun 9, 2017

                                    _Annie Garcy_____
                                     ANNIE S. GARCY
                                     Immigration Judge

                                                        XS


THIS NOTICE SERVED ON BOTH
PARTIES IN OPEN COURT ON
ABOVE DATE BY IJ A. GARCY

CAR 0173



**OFFICE OF THE CITY ATTORNEY**
MICHAEL N. FEUER
CITY ATTORNEY

8/28/2015

CLAUDIA RUEDA
PII

LOS ANGELES, CA 90023

File No:H5CA01654C

Dear CLAUDIA RUEDA:

This letter is to inform you that the above numbered case was heard by this office on August 28, 2015. The case was resolved at this hearing and no criminal charges were filed against you.

The law provides that this case remain open for one year from the date of the alleged incident. If there should be any further incidents during this time that require police investigation, we will review the above numbered case to determine whether to file the case in criminal court.

If no further incidents were reported, the case will be closed one year from the date of the incident January 28, 2015.

If you have any questions, you may contact me.

Sincerely,

CHARLES SALAZAR
Hearing Officer
CITY HALL
(213)978-1865

Bx4

**LOS ANGELES COUNTY**
**CONSOLIDATED CRIMINAL HISTORY SYSTEM**                    Date: 03/02/2015

Page 1
Time: 08:22

CRIMINAL HISTORY TRANSCRIPT FOR OFFICE USE ONLY - UNAUTHORIZED USE IS A CRIMINAL OFFENSE
*INFORMATION FINGERPRINT VERIFIED UNLESS OTHERWISE NOTED BY AN ASTERISK(*)*

| *Key Name:*(1) RUEDA, CLAUDIA SARAH | | *Date Name First Used:* 09/06/2012 | |
|---|---|---|---|
| *SID/CII:* PII | *MAIN:* PII | *FBI:* PII | *ARN:* |

PII

| *Requested By:* | CH15918 | *ACHS Data Included:* | YES |
|---|---|---|---|
| | LEE, RICKY | | |
| *Agency:* | CA0199990 | *Multi-Source Record:* | NO |
| | CHP - CENTRAL L.A. | | |
| | STATION | | |
| *Reason:* | M20150020 | | |
| *Search Criteria:* | Search Type: Other ID | | |
| | Identifier: BKG; ID Number | | |
| | PII      State: CA | | |

*DEPT. OF JUSTICE AND DMV MAY HAVE ADDITIONAL INFORMATION*

## SUMMARY

| **Bookings** | | **Convictions** | | **Juvenile** | | **Warrants** | | **Probations** | | **ICE** | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Felony: | 0 | Felony: | 0 | Sustained: 0 | | Bench: | 0 | Open: | 0 | Deport: | 0 |
| Misd: | 2 | Misd: | 0 | Dismissed: 0 | | Arrest: | 0 | Expired: | 0 | Removal: | 0 |
| | | | | | | Infract.(FTA) | 0 | | | Illegal Entry: | 0 |

## LATEST INFORMATION

*Latest Name:*  RUEDA, CLAUDIA                    *Date Name Last Used:* 09/07/2012

| *Sex* | *Race* | *Hair* | *Eyes* | *Hgt* | *Wgt* | *DOB* | *Updated* |
|---|---|---|---|---|---|---|---|
| Female | HISPANIC | BROWN | BROWN | 506 | 160 | PII 1995 | 01/28/2015 |

*Latest Address:*  PII   LOS ANGELES CA          01/28/2015

| *Type* | *Start Date* | *End Date* | *Charge/Description* | | *Case Number* | *Updated* |
|---|---|---|---|---|---|---|

| *Registration* | *Reg Number* | *Location* | | *Reg Date* |
|---|---|---|---|---|
| PALM PRINT ON FILE | PII | | | 01/01/0001 |

© Copyright 1996, Cou CAR 2175
All Rights Reserved

**LOS ANGELES COUNTY**
**CONSOLIDATED CRIMINAL HISTORY SYSTEM**

Page 2
Date: 03/02/2015          Time: 08:22

CRIMINAL HISTORY TRANSCRIPT FOR OFFICE USE ONLY - UNAUTHORIZED USE IS A CRIMINAL OFFENSE
*INFORMATION FINGERPRINT VERIFIED UNLESS OTHERWISE NOTED BY AN ASTERISK(*)*

Key Name: (1) RUEDA, CLAUDIA SARAH          Date Name First Used: 09/06/2012
SID/CII: PII          MAIN: PII          FBI: PII          ARN:

## DESCRIPTORS

**#/Names/AKAs/Count**
(1) RUEDA, CLAUDIA SARAH          2     (2) RUEDA, CLAUDIA          2

**Dates of Birth/Count**
PII 1982     2     PII 995     1

**Scars/Marks/Tattoos**

**Other Identifiers**
FBI PII

**Address/Count**
PII LA CA          1     PII LOS ANGELES CA          1

**Birth Place/Count**
CA     1     XXXREFUSEDI     CALA ·     1

**Moniker/Count**

**Gang Membership/Count**

## JUVENILE SUSTAINED PETITIONS
No Juvenile Information

## CONVICTIONS/ACTIVE DIVERSIONS
No Convictions/Active Diversions Found.

## PENDING CASES
No Pending Cases.

CAR 0176

**LOS ANGELES COUNTY**
**CONSOLIDATED CRIMINAL HISTORY SYSTEM**          Date: 03/02/2015

Page 3
Time: 08:22

CRIMINAL HISTORY TRANSCRIPT FOR OFFICE USE ONLY - UNAUTHORIZED USE IS A CRIMINAL OFFENSE
*INFORMATION FINGERPRINT VERIFIED UNLESS OTHERWISE NOTED BY AN ASTERISK(*)*

Key Name:(1) RUEDA, CLAUDIA SARAH          Date Name First Used: 09/06/2012
SID/CII PII          MAIN PII          FBI: PII          ARN:

## ARRESTS/CASES NOT REPORTED ABOVE

| Arr Date | Name | Arresting Agency | Booking Number |
|---|---|---|---|
| 01/28/2015 | 2 | CHP - CENTRAL L.A. STATION | 004221108 |

| Sex | Race | Hair | Eyes | Height | Weight | DOB |
|---|---|---|---|---|---|---|
| F | HISPANIC | BROWN | BROWN | 506 | 160 | 01/05/1995 |

| Cnt | Arrest Charges | Dispo Date | Result |
|---|---|---|---|
| 1 | PC 602(K) TRESPASSING | UNKNOWN | UNKNOWN |

**(CASE FILING INFORMATION NOT MATCHED IN L.A. COUNTY)**

| Arr Date | Name | Arresting Agency | Booking Number |
|---|---|---|---|
| 09/06/2012 | 1 | LAPD - CENTRAL | 003292132 |

| Sex | Race | Hair | Eyes | Height | Weight | DOB |
|---|---|---|---|---|---|---|
| F | HISPANIC | BLACK | BROWN | 500 | 110 | PII 1982 |

| Cnt | Arrest Charges | Dispo Date | Result |
|---|---|---|---|
| 1 | PC 409 DISTURBING THE PEACE | UNKNOWN | UNKNOWN |

**(CASE FILING INFORMATION NOT MATCHED IN L.A. COUNTY)**

## END OF TRANSCRIPT

X2CA01548

© Copyright 1996, Countrywide. All Rights Reserved

Monika Y. Langarica, Esq.
CA State Bar No. PII
ABA Immigration Justice Project
2727 Camino del Rio South, Suite 223
San Diego, California 92108
Telephone: PII
Fax: PII
PII

**DETAINED**



*Pro Bono* Attorney for Respondent
**Claudia Sarahi RUEDA VIDAL**

# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT
## SAN DIEGO, CA

| | |
|---|---|
| In the Matter of: | ) |
| | ) |
| **Claudia Sarahi RUEDA VIDAL,** | ) FILE: **A:** PII |
| Respondent. | ) |
| | ) |
| **IN BOND PROCEEDINGS** | ) |
| | ) |
| ———————————————————— | ) |

2017 JUN -8  A  9: 22   RECEIVED

Hon. Immigration Judge Garcy                    Bond Hearing: June 9, 2017 at 8:00 am

## RESPONDENT'S BRIEF AND EXHIBIT LIST IN SUPPORT
## OF CUSTODY REDETERMINATION

CAR 0178

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SAN DIEGO, CA

| | |
|---|---|
| In the Matter of: | ) |
| | ) |
| **Claudia Sarahi RUEDA VIDAL** | ) FILE: A: ▮PII▮ |
| Respondent. | ) |
| | ) |
| **IN BOND PROCEEDINGS** | ) |
| | ) |
| | ) |

## RESPONDENT'S BRIEF IN SUPPORT OF CUSTODY REDETERMINATION

Respondent, Claudia Sarahi RUEDA VIDAL (Ms. Rueda Vidal), by and through her *pro bono* counsel, Monika Y. Langarica, Esq., hereby respectfully requests redetermination of custody by this court.

### INTRODUCTION

Ms. Rueda Vidal was arrested by Border Patrol agents on May 18, 2017 outside of her family's Boyle Heights home in Los Angeles, California. Ex. A. Ms. Rueda Vidal's arrest came after the arrest of her mother, Teresa Vidal Jaime, who was taken into custody by Border Patrol agents in Boyle Heights on April 24, 2017. *Id.* After being transferred to ICE custody, Teresa Vidal Jaime was eventually granted bond by an Immigration Judge and released on May 12, 2017 after posting $2,000 bond. *Id.* Leading up to her mother's bond hearing, Ms. Rueda Vidal led a successful public campaign to garner support for her mother's release. Ex. A; *see* Ex. B. She also contributed to the documents filed with the court and served on ICE in support of her mother's release. Ex. A.

1

Border Patrol agents returned to Boyle Heights on Thursday, May 18, 2017, only six days after her mother's release from immigration custody. *Id.* Ms. Rueda was observing street sweeping enforcement and stepped out of her family's home in order to move her family's car. *Id.* As soon as she got into the family car, three unmarked cars surrounded her car. *Id.* When she stepped out with her hands raised, about six agents in the vehicles stepped out of the car, one of them asked her name and upon hearing it, another agent said "that's her" aloud. *Id.* They arrested Ms. Rueda Vidal, took her into Border Patrol custody, and subsequently transferred her to the custody of Immigration and Customs Enforcement (ICE). *Id.* Ms. Rueda Vidal, by and through undersigned counsel, has submitted a request for prosecutorial discretion to ICE, which is currently under the review of Chief Counsel.

Ms. Rueda Vidal has nothing to do with the criminal activity that resulted in others' arrests by Border Patrol on April 24, 2017. *Id.* Ms. Rueda Vidal has not been investigated or charged criminally. In fact, as of the date of this hearing, not a single law enforcement agent, including Border Patrol agents who arrested and processed her, has questioned Ms. Rueda Vidal once about her involvement in any criminal or trafficking activity. *Id.* Any claim that Ms. Rueda Vidal was arrested in connection with a criminal trafficking investigation is unfounded and unsupported by evidence or actions taken by Border Patrol agents, and further seeks to criminalize her without affording her due process. Ms. Rueda Vidal now seeks release on her own recognizance or on minimum bond in order to reunite with her family and community, resume her university education, and solicit protection under Deferred Action for Childhood Arrivals (DACA).

## ARGUMENT

The standard for setting an immigration bond was declared in *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976). An individual generally should not be detained except on a finding that he

2

CAR 0180

is a threat to the national security, is likely to abscond, or is a poor bail risk. *Id*; *Carlson v. Landon*, 243 U.S. 524, (1952); *Matter of Andrade*, 19 I&N Dec. 102 (BIA 1967); *Matter of S-Y-L*, 9 I&N Dec. 575 (BIA 1962); *Matter of Daryoush*, 18 I & N Dec. 352 (BIA 1982). The burden is on the detained individual to demonstrate that his or her release would not pose a danger to property or persons. *Matter of Urena*, 25 I&N Dec. 140 (BIA 2009). Only after The Immigration Judge makes a finding that the individual is not a danger to the community should the Immigration Judge continue to a determination regarding flight risk. *Id*. The Immigration Judge may look at a number of factors in determining whether a respondent merits release from custody, as well as the amount of bond that is appropriate. *Matter of Patel; Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006).

Factors to be considered in assessing whether release is appropriate include: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States. *Matter of Guerra*. Application of the *Guerra* factors makes it evident Ms. Rueda Vidal is neither a flight risk nor a danger to the community and thus merits release from custody.

**(A) Fixed address in the United States:**

Ms. Rueda Vidal has lived in Boyle Heights since 2001 up until the point at which she was arrested by Border Patrol agents. Ex. A. She lived in an apartment on ██████████ in Boyle Heights with her parents since 2001 up until her mother was arrested in April 2017. *Id*.

3

CAR 0181

Other family members also lived in the apartment in order to share the cost of rent. *Id.* Upon moving out of the apartment, Ms. Rueda Vidal lived temporarily with her sister, █████ and her brother-in-law, █████ *Id.* When Ms. Rueda Vidal's mother, █████ was released from immigration custody, Ms. Rueda Vidal moved in with █████ her United States Citizen aunt. Should she be released, Ms. Rueda Vidal with return to the same fixed address, the home of █████ Ex. A; Ex. B (Letter from █████. If released, Ms. Rueda Vidal will reside with her United States Citizen aunt.█████ █████ Los Angeles, CA 90063. *Id.*

Ms. Rueda Vidal has a fixed address to reside at upon her release that will undoubtedly provide her stability and will serve as a mechanism of accountability for her upon her release.

**(B) Length of residence in the United States:**

Ms. Rueda Vidal has lived in the United States since she was six years old, in 2001. Ex. A. Her length of continuous residence in the United States has allowed her to flourish into a model daughter and sister; dedicated student; and beloved community member. *See* Ex. B.

Ms. Rueda Vidal has completed are formal grade schooling in Los Angeles, California and is currently in her third year at California State University Los Angeles (CSULA), though her schooling has been disrupted by her detention. Ex. A; Ex. B (Letter from Jennifer Miller, Dean of Students at CSULA); Ex. C. Ms. Rueda Vidal's length of residence in the United States has also allowed her to become a highly respected and valued member of her community drawing support from the President of California State University, Los Angeles (CSULA); former teachers and university professors; faith leaders; and elected officials, including United States Congresswoman Karen Bass, Los Angeles Mayor Eric Garcetti, City Councilmember Gil Cedillo, City Councilmember Jose Huizar, and Los Angeles County Supervisors Sheila Kuehl and Hilda Solis. Ex. B. Ms. Rueda Vidal has an exceptional length of residence in the United

CAR 0182

States that has allowed her to establish an extraordinarily strong network of support in her community.

**(C) Local Family/Community Ties:**

Ms. Rueda Vidal has established truly exemplary family and community ties in the Los Angeles, California area.

Ms. Rueda Vidal's entire family resides in the United States, including her mother and only sister. Her sister, ██████ is presently an applicant for lawful permanent residence. Ex. A. Arlene's husband and Ms. Rueda Vidal's brother-in-law is a United States Citizen. Ex. B (Letter from Eduardo Iboa). Ms. Rueda Vidal also has extended family in the United States, including a lawful permanent resident uncle and several United States Citizen aunts and uncles who she is very close to, including Luz Mendoza, who has opened her home to Ms. Rueda Vidal. Ex. A; Ex. B (Letter from Luz Mendoza). Ms. Rueda Vidal has extremely strong family ties in the United States.

Ms. Rueda Vidal has also established outstanding community ties in the United States, earning the respect of teachers, professors, elected officials, faith leaders, and other community leaders. In high school, Ms. Rueda Vidal was an exceptional student, "achieving high scores and effectively participating in historical debates, presentations, Socratic Seminars…" and encouraging students to participate in extra-curricular activities. Ex. B (Letter from Joan Sullivan, CEO, Partnership for Los Angeles Schools). Such involvement earned her a spot in the freshman class at the University of California Santa Cruz (UCSC) and later as a transfer student at CSULA. Ex. A; *See* Ex. B. According to William Covino, the President of CSULA, "Ms. Rueda is a student in good academic standing, pursuing a bachelor's degree in Latin American Studies, and is very well-regarded by her faculty in our Latin American Studies Program." Ex. B (Letter from William Covino, President of CSULA).

5

As Paulina Olvera of the Immigrant Youth Coalition notes, as a community member, Ms. Rueda Vidal has "dedicated countless amount of hours in organizing youth and leadership trainings for the community of East Los Angeles… to educate them about their rights, access to higher education and provide engagement opportunities." Ex. B (Letter from Paulina Olvera). Victor Narro, Director of the UCLA Labor Center notes, "[w]hile she was a UCLA Dream Summer intern Claudia developed educational tools and curriculum to empower low-wage workers and advance the educational goals of the youth. She served as an advocate for the most vulnerable populations in Southern California, and did so with humility, respect, and passion." Ex. B (Letter from Victor Narro, Director of the UCLA Labor Center).

Ms. Rueda Vidal has even garnered the support of nearly one hundred diverse faith leaders together calling for a "just and merciful" application of the law to Ms. Rueda Vidal. Ex. B (Sign-On Letter from 84 Faith Leaders). Similarly, 87 national, state, and local organizations attest to Ms. Rueda Vidal's value in her community. Finally, half of a dozen elected officials answering to one of the country's largest metropolises have each submitted powerful letters of support for Ms. Rueda Vidal. Ex. B (Sign-On Letter from 87 Organizations). Congresswoman Karen Bass, Mayor of Los Angeles Eric Garcetti, Sheila Kuehl, of the Los Angeles County's five-member Board of Supervisor, Los Angeles City Council Member Gil Cedillo, and Los Angeles City Council Member Jose Huizar have all come out in support. Ex. B.

***Karen Bass, Congresswoman of the 37th District of the United States, shares:***

> "Claudia is valuable member and leader in her community. She cares deeply about issues that affect her community and has worked tirelessly to make change when she sees injustice. A mentor to her fellow students, Claudia empowers her peers to continue their education, and has offered her home and support to those who need it." *Id.*

6

CAR 0184

***Sheila Kuehl, one of Los Angeles County's five-member Board of Supervisors***, expressed:

> "Ms. Rueda is part of the varied fabric of Los Angeles County... She generously devotes her free time to support her community in times of crisis, and to support youth education. She is a dedicated advocate and has earned through her words and her actions, genuine and profound respect from people all around the community." *Id.*

***Eric Garcetti, Mayor of the City of Los Angeles***, insists:

> "Claudia Rueda has lived in Los Angeles since 2001, and has deep roots in Boyle Heights as a young leader and community organizer... She is widely respected by her peers as a powerful voice for gender and racial justice among our city's dynamic immigrant youth movement." *Id.*

Ms. Rueda Vidal has undeniably established ever-lasting ties to the United States—so much so that a void is felt in her absence. This very community will provide her with the necessary support, stability, and mechanisms of accountability upon her release. She is an immeasurably loved and respected member of her family and community.

### (D) Employment History:

Ms. Rueda Vidal was a full-time CSULA student up until the point of her detention; she has completed all other formal schooling in California, mostly in Los Angeles. Ex. A; Ex. B; Ex. C. She has also participated as a Dream Summer Intern through the UCLA Labor Center. Ex. A; Ex. B. Ms. Rueda Vidal will undoubtedly be able to build upon her employment history should she be released and able to apply for a work permit pursuant to Deferred Action for Childhood Arrivals (DACA).

### (E) Avenue for potential immigration relief:

Because there has not yet been a Master Calendar Hearing in her removal case, Ms. Rueda Vidal has not yet plead to the charges on the NTA and has not identified forms of relief with the court. Ms. Rueda Vidal is eligible to apply for DACA and meets the eligibility requirements; she was previously unable to solicit it due to severe financial restraints. The

7

CAR 0185

Dreamer Resource Center at CSULA has generously offered to sponsor her application fee. Ex. B (Letter from CSULA Dreamer Resource Center). While detained, Ms. Rueda Vidal is unable to solicit DACA with USCIS. Should she be released, she will continue working with her *pro bono* attorney to solicit DACA. Ms. Rueda Vidal has submitted a request for prosecutorial discretion with ICE, which is currently pending. Ex. A.

**(F) Record of appearance in court:**

Ms. Rueda Vidal has never had immigration court hearings to which to answer to, and as such, there is no record that reflects that she is unwilling to appear to any further proceedings, nor is there any record of a tendency to abscond. On the contrary, Ms. Rueda Vidal has promised to appear at all court hearings and appointments and her family members have attested to the likelihood of her of appearing for all court hearings and complying with all responsibilities to the Department of Homeland Security should she be released. Ex. A; Ex. B. Ms. Rueda Vidal presents a strong and unequivocally favorable record of appearance in court.

**(G) Criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses:**

Ms. Rueda Vidal does not have criminal convictions in the United States or in Mexico. Ms. Rueda Vidal is in immigration custody because she was detained by Border Patrol agents weeks after her mother was arrested as a collateral immigration-only arrest during a joint operation between CBP and the Los Angeles Sheriff's Department that took some individuals into criminal custody. Ex. A; Ex. B. Ms. Rueda Vidal has *not* been prosecuted or investigated criminally. As of today, Ms. Rueda Vidal has not been questioned once by any criminal or immigration official regarding any criminal activity. Ex. A. Ms. Rueda Vidal was only arrested by Border Patrol for immigration violations. Nothing about her encounter with authorities should be interpreted to imply any involved in criminal activity from her part whatsoever. Any claim

8

CAR 0186

that Ms. Rueda Vidal was arrested in connection with a criminal trafficking investigation is unfounded and unsupported by evidence or actions taken by Border Patrol agents, and further seeks to criminalize her without affording her due process.

Individuals who know Ms. Rueda Vidal well in several different capacities attest to her upstanding character, honesty, and freedom from involvement in any illicit activity. *See* Ex. B. Ms. Rueda Vidal has never been convicted of a crime in the United States or in Mexico.

**(H) Lack of attempts by Ms. Rueda Vidal to flee prosecution or otherwise escape from authorities:**

Ms. Rueda Vidal has not demonstrated evasiveness with regards to law enforcement. She has never entered the United States without inspection or otherwise tried to flee law enforcement. To the contrary, when Border Patrol arrived at outside of her home, she cooperated with them. Ex. A. As previously stated, she has no record of failing to appear to any hearings for court or any other official matters. Finally, Ms. Rueda Vidal will have a strong support network that will serve as a mechanism of accountability for her upon her release.

## CONCLUSION

All *Guerra* factors weigh in Ms. Rueda Vidal's favor, supporting the findings that Ms. Rueda Vidal is neither a danger to the community nor a flight risk. To the contrary, as the Director of the Latin American Studies program at CSULA states,

> "Ms. Rueda does not pose a threat or danger to anyone or anything. Quite the opposite, she is a constructive and caring person who strives to give back to her community. She is a true representative of all that is good in her generation, which is the hope of our future." Ex. B (Letter from Ericka Verba).

Ms. Rueda Vidal has a fixed address to which she can be released; truly exceptional family and community ties in the United States that she has built during her sixteen years in this country; an avenue for immigration relief; a favorable record of appearance in court; a record

CAR 0187

free of criminal convictions; and does not present with any prior attempts to flee from prosecution or otherwise escape from authorities.

Because she is not a danger to the community or a flight risk, Ms. Rueda Vidal respectfully requests release on her own recognizance or in the alternative release on minimum bond. Should she be released, Ms. Rueda Vidal will reside at ▓▓▓▓▓▓ PII ▓▓▓▓▓▓ Los Angeles, CA 90063.


DATED:   06|07|17           Respectfully submitted,

                            MONIKA Y. LANGARICA, ESQ.

10

CAR 0188

| | INDEX OF PROPOSED EXHIBITS SUBMITTED IN SUPPORT OF BOND REDETERMINATION |
|---|---|
| **Exhibit A** | **DECLARATION OF CLAUDIA SARAHI RUEDA VIDAL** |
| **Exhibit B** | **LETTERS OF SUPPORT** |

**Exhibit B** continued:

- **ELECTED OFFICIALS**
    - Karen Bass, U.S. Congresswoman
    - Eric Garcetti, Mayor of the City of Los Angeles
    - Jose Huizar, Councilmember of the City of Los Angeles
    - Gil Cedillo, Councilmember of the City of Los Angeles
    - Sheila Kuehl, Supervisor of the County of Los Angeles
    - Hilda Solis, Supervisor of the County of Los Angeles
- **LOCAL AND NATIONAL ORGANIZATIONS**
    - Sign-on letter from 87 Organizations
    - Sign-on letter from 84 Faith Leaders
    - National Day Laborer Organization
    - American Friends Service Committee - USMBP
    - CSULA Dreamers Resource Center
    - Immigrant Youth Coalition
    - California Immigrant Youth Justice Alliance
    - Orange County Immigrant Youth United
    - North Bay Immigrant Youth Union
- **LEADERS AND PROFESSORS AT CSULA**
    - William Covino, President of CSULA
    - Jennifer Miller, Dean of Students
    - Ericka Verba, Director, Latin American Studies
    - Enrique Ochoa, Professor of Latin American Studies & History
    - Alejandra Marchevsky, Associate Chair, Department of Liberal Studies
    - Beth F. Baker, Professor or Anthropology
- **TEACHERS AT ROOSEVELT HIGH SCHOOL**
    - Julie Cortez, English Teacher
    - Alice In, English Department Chairperson
    - Jason Yan, Magnet Academy Teacher
    - Mariana Ramirez, History Department Chair
    - Aleida Perez, Math & Spanish Teacher
    - Dr. Lakhbir Bamotra, English Teacher
- **OTHER LEADERS AND COMMUNITY MEMBERS**
    - Joan Sulllivan, CEO, Partnership for Los Angeles Schools
    - Kent Wong, Vice President, California Federation of Teachers
    - Victor Narro, Project Director, UCLA Labor Center
    - Luz Mendoza
    - Eduardo Iboa
    - Gredma Dalesy Casasola

CAR 0189



| | |
|---|---|
| | ○ Javiera Torres<br>○ Carlo Ignacio Gutierrez<br>○ David Abud-Sturbaum<br>○ Rigoberto Quintana<br>○ Monique Aldrete<br>○ Mimi Li<br>○ Blanca Estela Aldrete<br>○ Estela Aldrete<br>○ Erica Aldrete<br>○ Carolina Santillan<br>○ Jonathan Bribiesca<br>○ Lysander Valenzuela |
| **Exhibit C** | **EDUCATION RELATED DOCUMENTS**<br><br>• Ms. Rueda Vidal's resume<br>• Los Angeles Unified School District Official High School Transcipt<br>• Copy of Roosevelt High School Diploma<br>• CSULA Unofficial Transcript<br>• Certificates of Achievement<br>   ○ Euclid Avenue School Student of the Month 02/2002<br>   ○ Euclid Avenue School Student of the Month 11/2002<br>   ○ Euclid Avenue School Student of the Month 02/2003<br>   ○ Euclid Avenue Student of the Month 01/2004<br>   ○ Euclid Avenue Student of the Year 2004-2005<br>   ○ Euclid Avenue Student of the Month 09/2004<br>   ○ Euclid Avenue School Certificate of Excellence 06/21/2005<br>   ○ Euclid Avenue School Student of the Year 2005-2006<br>   ○ Stevenson Middle School Lamplighters Award 10/25/2007<br>   ○ Stevenson Middle School Lamplighters Award 06/15/2009<br>   ○ Shout Afterschool Program 02/16/2010<br>   ○ Shout Afterschool Program 07/15/2010 |

CAR 0190

# PROOF OF SERVICE

In the Matter of **Claudia Sarahi RUEDA VIDAL**                              A [ PII ]

I hereby certify that, on June 8, 2017 I served the attached copy of <u>Respondent's Brief and</u>
<u>Exhibit List in Support of Custody Redetermination</u> to the Department of Homeland Security in
the following manner:

By hand delivery to:

Department of Homeland Security (DHS)
Office of Chief Counsel
7488 Calzada de la Fuente
San Diego, CA 92154

Date: _06/09/17_

Monika Langarica, Esq.
*Pro bono* Attorney for Respondent

CAR 0191



CAR 0192

**DECLARATION OF CLAUDIA SARAHI RUEDA VIDAL**

[PII]

In Support of Custody Redetermination

I, CLAUDIA SARAHI RUEDA VIDAL, state the following:

1. My name is Claudia Sarahi Rueda Vidal. I am currently detained in Immigration and Customs Enforcement (ICE) custody. I have been in ICE custody since Friday, May 19, 2017. I am currently a full-time student at California State University Los Angeles (CSULA). I submit this declaration in support of my request for release from custody. My lawyer helped me prepare this declaration.

2. I have been living in the United States since 2001 when I came here with my mom, Teresa Vidal Jaime. I was six years old when I arrived to the United States. I have lived in East Los Angeles, mostly Boyle Heights, the whole time I have been in the United States. I lived with my mom, dad, and my sister Arlene (who is applying for permanent residence right now) in an apartment on [PII] n Boyle Heights for most of the time I have been here. Other family members lived in the apartment also to help pay the rent.

3. I went to school in East Los Angeles. I attended Euclid Avenue School, Stevenson Middle School, and Roosevelt High School. When I was in elementary and middle school, I constantly got awards for doing well in school. At Roosevelt, I participated in college-prep programs. I got into U.C. Santa Cruz and attended there for almost a full year. I transferred to East Los Angeles College and later to California State University Los Angeles (CSULA) to be closer to my family and because it is less expensive.

4. I have paid for my education with the help of my mom, who has worked at a bakery for many years. Money is really tight, but I know my education is important and it is my dream to graduate from college. I love school and I love learning. The community I have at CSULA is so supportive and makes me feel like I have family there.

5. I have been involved with community organizations since I was a teenager. I feel passionate about helping my community and being the best person I can be. I have been involved with the Immigrant Youth Coalition and other youth-led organizations. In 2015 I was able to intern as a Dream Summer Intern through the UCLA Labor Center where I worked with Service Employees International Union (SEIU) supporting their campaigns. That was a beautiful experience. I hope to continue doing this work to better my community.

6. My lawyer has told me how much people have supported me while I have been detained. It makes me really grateful and happy, and it is a reminder that I want to get back to helping my community as soon as I can.

CAR 0193

7. I have been unable to apply for DACA because I have not had the money I need to apply for it. Month after month, my mom and I struggle to gather money for the rent and for my school. My lawyer told me that recently the Dream Resource Center offered to pay my filing fee. I am so grateful for that and if I am released I will work with my lawyer to apply for DACA right away.

8. On April 24, 2017, a lot of law enforcement officers showed up at my house. Later I learned they were sheriffs and border patrol agents. They were investigating criminal activity. I was not at home because I was at school, but my sister called to tell me what was going on and I immediately went back to our apartment. I saw many people being arrested. I asked the deputy sheriffs if my mom was going to be arrested, and they said no. They told me that she had nothing to do with this investigation. I continued waiting for her. Soon after, I learned my mom was being taken into immigration custody. I was devastated. Immediately I contacted groups and lawyers and publicly started calling for Border Patrol to release my mom. When we found a lawyer to represent my mom for free, I helped her gather letters of support from people who know my mom, organizations, and I even submitted a declaration in support of her release.

9. After Border Patrol agents took my mom, I had to leave the apartment because I could no longer afford to pay rent, since it's my mom's wages that support us. I moved in with my sister and her husband for a short time and then later with my aunt Luz.

10. On May 9, 2017, my mom was granted bond by a judge in Imperial, California. I was so happy and relieved to have her back with me. My mom finally came back to Boyle Heights on May 12, 2017. I felt complete again.

11. Six days later, on May 18, 2017, I was sleeping at my aunt Luz's house in her bed with my mom. My alarm went off because I had to move my car to comply with street sweeping rules. I woke up in my pajamas, put on a sweater, grabbed the car keys, and stepped outside. I noticed another car was parked on the side of the street that was almost empty because of street sweeping, but I figured that person was moving their car, too. As soon as I got in the car, three unmarked cars surrounded my car. I was terrified and for a second I froze. I got out of the car and put my hands up. About six agents dressed in plain clothes and with badges hanging around their necks got out of the cars. One of the agents asked me for an identification and also for my name. I said "Claudia Rueda." Another agent said, "that's her." They put handcuffs on me and put me into a van.

12. I was taken to a Border Patrol station in Chula Vista, California. I was in Border Patrol custody until May 19, 2017 when I was transferred to ICE custody at CCA in Otay Mesa. Up until this point, not a single agent has brought up or questioned me about my involvement in any criminal activity. I have nothing to do with the criminal investigation that took people from my old apartment into criminal custody.

13. Please consider re|rasing me.

    I promise to apply for DACA as soon as I get out. I truly hope you allow me to return to my family and community.

CAR 0194

15

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 6th day of June, 2017 in the City and County of San Diego, State of California.

Claudia Sarahi Rueda Vidal
A██████ PII ████

CAR 0195



CAR 0196