JOSEPH H. HUNT
Assistant Attorney General
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
JEFFREY S. ROBINS
Deputy Director
JAMES J. WALKER
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
Washington, D.C. 20044
Tel.: (202) 532-4468
Fax: (202) 305-7000
Email: james.walker3@usdoj.gov

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA SARAHI RUEDA VIDAL, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants. | Case No. 2:18-cv-9276- DMG-PLA <br><br> **FEDERAL AGENCY DEFENDANTS' EX PARTE APPLICATION TO STRIKE PLAINTIFF'S NEW ARGUMENTS OR IN THE ALTERNATIVE GRANT LEAVE TO FILE A SUR-REPLY** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> **Declaration of James J. Walker** <br><br> **Judge**: Hon. Dolly M. Gee <br> **Courtroom**: 8C <br> **Hearing**: Friday, June 12, 2020 <br> **Time**: 9:30am |

## *EX PARTE* APPLICATION

Pursuant to Local Rule 7-19, Federal Agency Defendants, by and through undersigned counsel, apply *ex parte* to strike the new legal arguments made in Plaintiff Claudia Sarahi Rueda Vidal's ("Ms. Rueda") Reply in Support of Plaintiff's Motion for Summary Judgment, ECF No. 74, which were not raised in her motion for summary judgment. Alternatively, Federal Agency Defendants seek the Court's leave to file a sur-reply responding to these new arguments by June 8, 2020.[1]

Federal Agency Defendants submit that good cause exists to grant the relief requested herein. As outlined in the attached memorandum, Ms. Rueda presents new legal arguments for the first time in her Reply in Support, arguments that were not raised in her Motion for Summary Judgment. The Court should not consider any new argument raised for the first time in a reply brief—and if it does, Defendants should have a reasonable opportunity to respond. The Court should also refuse to consider the extra-record evidence that the new arguments are based on in a case where the Parties agree that review is limited to the Administrative Record and Ms. Rueda has not shown that the Administrative Record is insufficient to permit judicial review.

Regularly-noticed motion practice pursuant to L.R. 7.3 cannot accommodate Federal Agency Defendants' requested relief because a hearing on the cross-motions for summary judgment is scheduled for Friday, June 12, 2020. Therefore, Federal Agency Defendants submit this *ex parte* application seeking relief from this Court. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (the first part of an *ex parte* motion should address "why the regularly noticed motion procedures must be bypassed.").

---

[1] This *ex parte* application is filed in addition to Federal Agency Defendants' previous requests that the Court strike all of Ms. Rueda's proposed exhibits and new declaration as improper extra-record evidence, and strike all references to the impermissible exhibits and declaration in her prior summary judgment briefing. *See* ECF No. 73 at 11-16; ECF No. 75 at 12-13.

Federal Agency Defendants' counsel provided the Rule 7-19.1 notice to Plaintiff's counsel by email on June 3, 2020. Declaration of James J. Walker ("Walker Decl.") ¶ 7. Plaintiff's counsel Oscar Ramallo responded via email on June 3, stating that Plaintiff opposes the instant *ex parte* application, where, in regard to Federal Agency Defendants' application to strike new arguments in support of the admission of extra-record evidence, Federal Agency Defendants "have had the opportunity to brief this issue in 3 separate filings. We do not see a reason for a fourth bite at the apple." Walker Decl. ¶ 10. In regard to the issue of Federal Agency Defendants' application to strike new legal arguments made in Plaintiff's Reply, Mr. Ramallo stated, "Our legal claims were raised in the FAC, and you have already made the incorrect argument in the opposition that Rueda raised new legal claims. Again, further briefing is not warranted." *Id*. Lastly, Mr. Ramallo expressed Plaintiff's intention to oppose this motion. *Id*.

Pursuant to L.R. 7-19, Mr. Ramallo's address and contact information are as stated at Walker Decl. ¶ 11. This *ex parte* application is based on this Notice of *Ex Parte* Application, the attached memorandum of points and authorities, the attached declaration, and the record in this case. A proposed order is filed herewith.

Dated: June 3, 2020

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

JEFFREY S. ROBINS
Deputy Director

Respectfully submitted,

*/s/ James J. Walker*
JAMES J. WALKER
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 532-4468
Fax: (202) 305-7000
Email: james.walker3@usdoj.gov

*Counsel for Federal Agency Defendants*

## MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION

Pursuant to Local Rule 7-19, Federal Agency Defendants, by and through undersigned counsel, apply *ex parte* to strike the new legal arguments made in Plaintiff Claudia Sarahi Rueda Vidal's ("Ms. Rueda") Reply in Support of Plaintiff's Motion for Summary Judgment ("Reply"), ECF No. 74.[2]

Federal Agency Defendants seek to strike Ms. Rueda's new legal arguments, briefly categorized as: (1) offering new arguments to support the submission of extra-record evidence (ECF Nos. 67, 67-4, 72-2), Reply at 11-15; (2) arguing for the first time that Plaintiff no longer needs to show that USCIS acted with animus in denying her DACA request, Reply at 15-16; and (3) arguing for the first time that the administrative record does not need to show evidence of animus at all. Reply at 20-21.

It is generally "improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) (citing *Lujan v. National Wildlife Federation,* 497 U.S. 871, 894–95 (1990)); *see Martirosian v. JP Morgan Chase Bank, N.A.*, No. CV 13-2987 RGK (RZX), 2014 WL 12567792, at *3 (C.D. Cal. Apr. 11, 2014) (court will not consider arguments raised in a reply brief that party did not raise in its motion for summary judgment) (citing *United States v. Gianelli*, 543 F.3d 1178, 1184 n.6 (9th Cir. 2008)).

If a court does consider new facts or arguments presented in a reply to a motion, it should give defendants an opportunity to respond. *Martirosian* 2014 WL 12567792 at *3 n.2; *see also Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (citing *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990)).

---

[2] This *ex parte* application is filed in addition to Federal Agency Defendants' previous requests that the Court strike all of Ms. Rueda's proposed exhibits and declaration as improper extra-record evidence, and strike all references to the impermissible exhibits and declaration in her prior summary judgment briefing. *See* ECF No. 73 at 11-16; ECF No. 75 at 12-13.

1    Here, Ms. Rueda offers in her reply brief entirely new arguments on several
2 fronts—knowing that Federal Agency Defendants, without leave of the Court, cannot
3 respond. For example, Ms. Rueda now argues that, even if USCIS did not act with
4 animus in denying her DACA request, the denial decision is still unlawful based on the
5 unspoken animus of BP Agent Holmes. *See* Reply at 15-16; *but see* Plaintiff's Motion
6 for Summary Judgment ("Pl's Mot.") at 9 (USCIS decided to punish her anyway and
7 denied her DACA . . ."). Ms. Rueda based her motion for summary judgment on the
8 premise that USCIS acted *knowingly* and unlawfully in denying her DACA request. Now
9 that the Administrative Record shows it did not, she should not be permitted to simply
10 offer a new argument that even where USCIS acted properly, the denial was nonetheless
11 "infected" with BP Agent Holmes' unspoken animus towards her protest activity. This is
12 clearly a different legal argument presented in the reply brief than the one that Ms.
13 Rueda presented in her motion. *Sardie*, 191 F. Supp. 2d at 1127.

    In addition, because the Administrative Record also does not support this new
15 claim, Ms. Rueda offers another new legal argument that the Administrative Record does
16 not need to contain evidence of animus to prove that the DACA denial was based in
17 animus. Reply at 20-21 ("Because a defendant, especially one as sophisticated as the
18 Defendants here, would not likely be foolish enough to leave a paper trial establishing
19 retaliation against protected speech, Rueda is not required to produce such evidence.");
20 *but see* Pl's Mot. at 15 ("The Government's own certified administrative record proves
21 that USCIS cannot meet its strict scrutiny burdens . . . ."). In merely showing that the
22 Administrative Record supports the lawfulness of Ms. Rueda's DACA denial, Federal
23 Agency Defendants in no way expanded the scope of the claims in Ms. Rueda's motion
24 for summary judgment. *See generally*, ECF No. 72. Where Ms. Rueda offered entirely
25 new arguments in her reply—arguments that would require Federal Agency Defendants
26 to do more than merely "bolster arguments already made in [their] opposition brief" to
27 respond, the Court should strike Ms. Rueda's new arguments, or grant Federal Agency
28 Defendants a sur-reply. *See Banner Health v. Sebelius,* 905 F. Supp. 2d 174, 188

1  (D.D.C. 2012) (leave to file a sur-reply may be appropriate where a reply brief expands
2  the scope of the "matters raised in opposition").

3        Additionally, Ms. Rueda makes new arguments to support her submission of
4  extra-record evidence, none of which were made at the time she filed them, and some of
5  which contradict arguments that she has made previously in relying on the exhibits.[3] For
6  example, Ms. Rueda now argues that her exhibits may be admitted as evidence because
7  they are not being offered for the truth that they assert. Reply at 14. However, her motion
8  repeatedly invokes the exhibits to try to establish the truth of her claim that the
9  Government was targeting individuals who participated in protest activity. *See, e.g.*, Mot.
10 at 2 ("The evidentiary record shows instead that Defendants repeatedly targeted for
11 adverse action those who exercised their First Amendment rights in support immigrants
12 [sic]."); *id*. at 15 ("The undisputed evidence in the expanded record confirms that
13 conclusion."); *id*. at 4-5 (Section entitled "Defendants' Animus Towards Immigration
14 Activists"); *id*. at 6, 7, 20, 23-24.

15       Allowing Ms. Rueda to provide the Court with these new legal arguments is
16 contrary to law and unfairly prejudices Federal Agency Defendants. The Court should
17 strike Ms. Rueda's new legal arguments, along with her impermissible extra-record
18 evidence and new declaration, and any references to such in her briefing (as previously
19 argued in ECF No. 73 at 11-16; ECF No. 75 at 12-13). In the alternative, if the Court
20 permits these new legal arguments, Federal Agency Defendants should have a
21 reasonable opportunity to respond. *See Provenz*, 102 F.3d at 1483.

---

[3] As Federal Agency Defendants' have pointed out, Ms. Rueda offered no argument at all when submitting her extra-record exhibits. ECF No. 73, Federal Agency Defendants' Opposition to Plaintiff's Motion for Summary Judgment, at 11-16; *see* ECF Nos. 67, 67-4, 72, 72-2. Thus, any argument offered in a reply brief would be untimely. *Wabakken v. CA. Dep't of Corr. & Rehab.*, No. CV 12-1503-GW(DTBX), 2016 WL 8943297, at *15 n.24 (C.D. Cal. June 20, 2016) (refusing to consider an issue plaintiff raised for the first time in his reply that he "should have foreseen as a potential basis for his motion").

# CONCLUSION

For all of the above reasons, Federal Agency Defendants respectfully request that the Court strike Ms. Rueda's new legal arguments in her Reply that were not argued in her Motion for Summary Judgment. Alternatively, if the Court is inclined to deny Respondents' *ex parte* application to strike, then Respondents request the opportunity to respond to Ms. Rueda's new legal arguments in a sur-reply. Defendants seek until Monday, June 8, 2020, to file a sur-reply with arguments to address Ms. Rueda's new legal arguments.

Dated: June 3, 2020                                   Respectfully submitted,

JOSEPH H. HUNT                                        */s/ James J. Walker*
Assistant Attorney General                            JAMES J. WALKER
                                                      Trial Attorney
WILLIAM C. PEACHEY                                    U.S. Department of Justice
Director                                              Civil Division
                                                      Office of Immigration Litigation
JEFFREY S. ROBINS                                     District Court Section
Deputy Director                                       P.O. Box 868, Ben Franklin Station
                                                      Washington, D.C. 20044
                                                      Phone: (202) 532-4468
                                                      Fax: (202) 305-7000
                                                      Email: james.walker3@usdoj.gov

                                                      *Counsel for Federal Agency Defendants*

# DECLARATION OF JAMES J. WALKER

I, James J. Walker, declare pursuant to 28 U.S.C. § 1746 that:

1. I am an attorney with the Office of Immigration Litigation, Civil Division, Department of Justice, Washington, D.C., and, in such capacity, have been assigned by the Department of Justice as counsel to the defense of this action. This Declaration is submitted in support of Federal Agency Defendants' *Ex Parte* Application To Strike Plaintiff's New Arguments or in the Alternative Grant Leave To File A Sur-Reply.

2. On March 22, 2019, Plaintiff filed her First Amended Complaint. ECF No. 35.

3. On April 27, 2020, Plaintiff and Federal Agency Defendants ("the Parties") filed cross-motions for summary judgment. ECF Nos. 67, 68. Plaintiff also filed the full Administrative Record, ECF No. 68, and 68 extra-record exhibits with a motion to take judicial notice of all exhibits. ECF No. 67-4.

4. On May 15, 2020, Federal Agency Defendants filed their Response in Opposition to Plaintiff's Motion for Summary Judgment, including arguments to strike Ms. Rueda's new exhibits, new declaration, and all references to them in her briefing, as impermissible extra-record exhibits in an administrative record review case, and as materials otherwise not properly subject to judicial review. ECF No. 73 at 11-16.

5. On May 15, Plaintiff filed her Response in Opposition to Federal Agency Defendants' Motion for Summary Judgment, along with 4 additional extra-record exhibits and a motion to take judicial notice of those exhibits. ECF Nos. 72, 72-2.

6. On May 29, the Parties filed their respective replies in support of their motions for summary judgment. ECF Nos. 74, 75.

7. Federal Agency Defendants' argued for the Court to strike Plaintiffs' new exhibits filed with her Opposition, noting that "Ms. Rueda again makes no argument for inclusion of additional documents, she merely submits them and cites to them in her

1

brief to try to bolster her arguments." ECF No. 75 at 12-13 (citing ECF No. 72 at 5, 12, 17).

8.      Plaintiff's Reply in Support contained new legal arguments in support of her extra-record exhibits that she had not made in her motion for summary judgment or either motion for judicial notice. ECF No. 72 at 11-15. Plaintiff also made new arguments that she no longer needs to show that USCIS acted with animus in denying her DACA request, *id*. at 15-16; and that the administrative record does not need to show evidence of animus to prove her claim of animus. *Id.* at 20-21.

9.      On June 3, 2020, I emailed Plaintiff's counsel informing them that Federal Agency Defendants intended to file this *ex parte* motion to strike the new arguments, and alternatively, to seek leave of the Court to respond to these new arguments by Monday, June 8, 2020.

10.     Plaintiff's counsel Oscar Ramallo responded via email on June 3, stating:

> Our reply addressed the objections to extra-record evidence that you raised in the opposition, which is the purpose of a reply. Rueda has relied on extra-record evidence starting with the Complaint, and, over the course of summary judgment, you have had the opportunity to brief this issue in 3 separate filings. We do not se a reason for a fourth bite at the apple. [sic]
>
> Our legal claims were raised in the FAC, and you have already made the incorrect argument in the opposition that Rueda raised new legal claims. Again, further briefing is not warranted.
>
> We accordingly do not see good cause and will oppose your application.

11.     The contact information for Oscar Ramallo, counsel for Plaintiff, is:

Oscar Ramallo
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
T: (213) 243-4000
F: (213) 243-4199
oscar.ramallo@arnoldporter.com

2

1  I declare under penalty of perjury that the foregoing is true and correct.
2  Executed this June 3, 2020, in Washington, DC.

>  */s/ James J. Walker*
>  JAMES J. WALKER