UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA SARAHI RUEDA VIDAL,<br><br>  Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>  Defendants. | Case No.: CV 18-9276- DMG (PLAx)<br><br>**ORDER DENYING FEDERAL AGENCY DEFENDANTS'** ***EX PARTE*** **APPLICATION TO STRIKE PLAINTIFF'S NEW ARGUMENTS OR, IN THE ALTERNATIVE, GRANT LEAVE TO FILE A SUR-REPLY [76]** |

On June 3, 2020, the Federal Agency Defendants filed an *Ex Parte* Application requesting the Court to strike Plaintiff's arguments allegedly raised for the first time in her Reply in support of her Motion for Summary Judgment.  [Doc. # 76.]    First, Plaintiff sufficiently raised and relied upon extra-record evidence in her Motion for Summary Judgment, such that Defendants had an adequate opportunity to respond in their Opposition.  *See* [Doc. ## 67, 67-4, 72-2]; Reply at 11-15 [Doc. # 74].  Second, Plaintiff's arguments in her Reply that a Border Patrol agent's animus infected the Agency Defendants' decision-making process is a clarification of Plaintiff's opening arguments made in direct response to Defendants' arguments in Opposition.  *See* Reply at 20-23.  Similarly, Plaintiff did not make a new argument when she clarified that for her First Amendment claim, she need not provide "smoking gun" evidence.  *Id.* at 20; *see also* Response to Defs.' *Ex Parte* App. at 3 [Doc. # 77] (distinguishing between Plaintiff's arguments about the evidence needed for her First Amendment and Fifth Amendment claims).

The Court therefore **DENIES** the Agency Defendants' *Ex Parte* Application.

IT IS SO ORDERED.

DATED:  June 8, 2020

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE